IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CR-0234-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1, JESSE ANAYA

    Defendant.

---

### DEFENDANT'S MOTION FOR TEMPORARY RELEASE

---

Jesse Anaya, through Counsel Robert Driscoll, request this Court grant his request for a temporary release pending his sentencing hearing. Mr. Anaya states the following grounds:

1. On January 4, 2020, Mr. Anaya plead guilty to Count 14, *Distribution of and Possession with Intent to Distribute 500gr or more of a Mixture and Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance; Count 9, Distribution of and Possession with Intent, 50 gr or more, methamphetamine, (Actual)* 21 USC 841(a)(1)

2. Mr. Anaya is scheduled to be sentenced by this Court on June 19, 2020.

3.  Mr. Anaya is requesting this Court grant him a temporary release and states that such an order is authorized by 18 U.S.C. §3142(i) of the Bail Reform Act which provides in relevant part that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be *necessary* for preparation of the person's defense or *for another compelling reason.* §3142(i) (emphasis added). Mr. Anaya bears the burden of establishing circumstances warranting temporary release under §3142(i). *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013).

4.  Published today is a case out of the Southern District of New York, *Basank v. Decker*. *Basank v. Decker* ----F.Supp.3d---, 2020 WL 1481503. In *Basank*, several incarcerated individuals with Immigration and Customs Enforcement (ICE), petitioned for §2241 writ of habeas corpus requesting release from custody because of this public health crisis and also requested a "temporary restraining order" (TRO) which requested ICE be directed to release the defendants with reasonable and appropriate conditions and to also be restrained from arresting the defendants for civil immigration detention during pendency of their immigration proceedings. *Id. at* Synopsis. The Court in *Bansank,* granted both requests.

5. In granting the defendants petition and request for TRO, the court in *Bansank*, cited the ongoing health concerns with COVID-19 and specifically found that jails and immigration holding facilities present a potential "tinderbox scenario as COVID-19 spreads to immigration detention centers and the resulting "imminent risk to the health of safety of immigrant detainees and the public". *Id at Risk of Death, citing¸* Catherine E. Shoichet, Doctors Warn of "Tinderbox Scenario" if Coronavirus Spreads in ICE detention,*CNN (March 20, 2020);*

6. In *Bansank*, the Court also recognized the petitioning defendants all had conditions which put them at a greater risk of becoming seriously ill if they indeed contracted COVID-19 and that the harm would be irreparable. *Id. at n.9*. In doing so, the Court in *Bansank*, took judicial notice of the fact that "for people of advanced age, with underlying health problems, or both COVID-19 causes severe medical conditions and has increased lethality". *Id. citing, People at Risk for Serious Illness from COVID-19*, Centers for Disease Control (Mar. 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html ("Older people and people of all ages with severe underlying health conditions—like heart disease, lung disease and diabetes, for example—seem to be at higher risk of developing serious COVID-19 illness."); *Information for Healthcare Professionals: COVID-19 and Underlying Conditions*, Centers for Disease Control (Mar. 22, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html

      (listing, among other medical diagnoses, "moderate to severe asthma," "heart disease," "obesity," and "diabetes" as conditions that trigger higher risk of severe illness from COVID-19).

7. *United States v. Clark*, was also published recently where the defendant requested temporary release under §3142(i) for COVID-19 concerns. *United States v. Clark,* 2020 WL 1446895. In *Clark*, the Court denied the defendant's request for temporary release indicating he had not established a "compelling reason". *Id. at n. 8.* However, in *Clark*, the Court set forth the following factors to consider under these circumstances: (1) the original ground for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. Id. at n. 2.

8. Mr. Anaya did not contest Detention.

9. Part of the government's argument supporting the detention of Mr. Anaya was that he was charged in Count One with a 10 year minimum mandatory up to Life offense. Count One, at that time, alleged Mr. Anaya was involved in the

      conspiracy to distribute over 500 grams of methamphetamine over 500 grams of cocaine and over 100 grams of heroin.  *Doc. 15*.

10. Since then, count one has been dismissed pursuant to plea agreement as stated above.  The Prosecution will argue a sentence of 19 years, Defendant will argue less than 15 years.

11. This facts of this case contain no suggestion of flight by Mr. Anaya nor does his criminal history present a record of failures to appear.  In fact, his one prior US District Court conviction and sentence resulted in early termination of Supervised Release based on compliance. (12 CR 167-RBJ-1)

12. Mr. Anaya has very specific concerns concerning COVID-19.  First, there have been confirmed cases of COVID-19 of both staff members and inmates in the past month.  https://denverite.com/2020/03/25/ice-employee-tests-positive-for-covid-19-and-immigration-court-closed-at-geos-aurora-prison; https://denverite.com/2020/03/27/immigrants-released-from-the-aurora-prison-after-covid-case-confirmed, https://www.westword.com/news/ice-agent-at-aurora-detention-facility-tests-positive-for-covid-19-11674843.

13. The Center for Disease Control warns that those with underlying medical conditions are at a higher risk of developing serious COVID-19 illness. *Information for Healthcare Professionals: COVID-19 and Underlying Conditions*, Centers for Disease Control (Mar. 22, 2020).  One of the underlying

illnesses that put people of all ages at risk of developing a serious illness from COVID-19, is have any kind of lung disease or impairment or weakened immune systems. *Id.*  Mr. Anaya is at a high risk of suffering greatly from COVID-19 because his immune system is compromised and he has a lung disease.  He was born suffering McDuffie syndrum, (a rare immune complex mediated small vessel vasculitis characterized by urticaria, hyopcomplementemia and associated with circulating anti-C1q autoantibodies). COVID-19 is especially impairing to person's respiratory system which is why COVID-19 is lethal to those like Mr. Anaya who have a lung disease. See attached letter from Defendant's mother, Mrs. Lujan.

14. If Mr. Anaya is released with appropriate conditions, he would be living with his wife and three juvenile son, all are non-symptomatic.  Mr. Anaya is currently non-symptomatic.  Implementing social distancing with his family will keep himself as safe as those not incarcerated and likewise keep others safe in the process.  Mr. Anaya's release would avoid the "tinderbox" situation that is presented with immigration facilities and jails.  Mr. Anaya is not a danger to the community and would appear back to court has ordered.  Mr. Anaya welcomes an ankle monitor or any other measure to assure the Court he will comply with the conditions of his release.

15. Mr. Anaya urges this Court to act with the same urgency as the Court in *Bansank*, who released inmates from an immigration facility who were vulnerable to the lethality of this pandemic.  *Banasank, supra.*

16.  *The US Attorney opposes this motion.*

WHEREFORE, Mr. Anaya requests that he be released temporarily pursuant to 18 U.S.C. 3142(i) with an appropriate and reasonable conditions the Court deems necessary to impose.

Respectfully submitted this 2nd day of April, 2020.

BY: /s/ Robert Driscoll
Robert J Driscoll
455 Sherman
#100
Denver, CO 80203
303 534 3233
Driscollrj101@aol.com

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/Isabell Gallegos*